UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-3417 JVS(RNBx) | Date | November 4, 2009 |
| Title | Mark Curran v. Chase Bank USA, N.A. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)  Order Denying Defendant Chase Bank USA, N.A.'s Motion to Dismiss Count IV of Plaintiff's First Amended Complaint (Fld 9-23-09)**

Defendant Chase Bank USA, N.A. ("Chase") moves to dismiss, in part, Plaintiffs Mark Curran and Ken Adler's (collectively, "Plaintiffs") First Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Chase seeks to dismiss the fourth claim for breach of contract. Plaintiffs oppose the motion. The Court DENIES the motion.

I.    Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (May 18, 2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3417 JVS(RNBx) | Date | November 4, 2009 |
|---|---|---|---|
| Title | Mark Curran v. Chase Bank USA, N.A. | | |

determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

II.     Discussion

Chase argues that the FAC's breach of contract claim fails because the cardmember agreement between the Plaintiffs and Chase did not require that it provide notice to Plaintiffs of retroactive increases in interest rates that were authorized by the agreement. Plaintiffs argue that in McCoy v. Chase Manhattan Bank, USA, 559 F.3d 963 (9th Cir. 2009), the Ninth Circuit came to the conclusion that a provision in a different Chase cardmember agreement, similar to agreement here, did require notice and is thus controlling with respect to this Chase agreement. The Court agrees with Plaintiffs that the notice provisions in the two cardmember agreements are substantively identical. Therefore, the Court must follow McCoy's determination that these notice provisions require disclosure of retroactive increases in interest rates.

Plaintiffs point to a section of the cardmember agreement that provides:

> We can change this Agreement at any time by adding, deleting, or modifying any provision. Our right to add, delete, or modify provisions includes financial terms, such as APRs and fees . . . . Modifications, additions, or deletions are called "Changes" or a "Change." We will notify you of any Change if required by applicable law.

(Jarrett Decl., Exh. C.) The notice provision quoted in McCoy stated that Chase would "notify [McCoy] of any change if required by applicable law." McCoy, 559 F.3d at 971. The reference to "any change" in the McCoy notice provision is most naturally read to refer to a change in the agreement in which the provision is found. The Chase notice provision construed in McCoy is not any broader than the provision found in this Chase agreement.[1]

---

[1] The result would be the same even if the McCoy notice provision was broader. This is because the alleged change that the McCoy majority determined was sufficient to support the breach of contract claim was a change in APRs. In the agreement here, changes to APRs are explicitly identified as a term of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3417 JVS(RNBx) | Date | November 4, 2009 |
|---|---|---|---|
| Title | Mark Curran v. Chase Bank USA, N.A. | | |

The <u>McCoy</u> court concluded that the plaintiff had "clearly stated a claim" for breach of contract because the "applicable law" referenced in the Chase provision (e.g., TILA) required notice. <u>McCoy</u>, 559 F.3d at 971. Given the similarity between the notice provision in <u>McCoy</u> and the provision here, the Court finds that Plaintiffs have stated a claim for breach of contract.

III.  <u>Conclusion</u>

For the foregoing reasons, the Court DENIES the motion.

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |

---

agreement that might be changed and thus subject to notice if
required by law. Futhermore, the argument that a retroactive
increase in an APR pursuant to default provisions constitutes
only an implementation of the terms of the agreement rather than
a change is foreclosed by <u>McCoy</u>'s analysis of the TILA claim. The
rejection of this "implementation" argument is implicit in the
discussion of Comment 1 to 12 C.F.R. § 226.99(c)(1). <u>See</u> <u>McCoy</u>,
559 F.3d at 965-67.